# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D17-3451
_____

RAMON WADE RENFRO,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
John F. Simon, Jr., Judge.

April 10, 2018

PER CURIAM.

The appellant appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of the motion, but write to address the claim raised in ground one.

In 2014, the appellant was convicted of lewd or lascivious battery, lewd or lascivious molestation, and unlawful sexual activity with certain minors, stemming from sexual encounters he had with three victims during a camping trip. In ground one of his motion, the appellant alleges that counsel was ineffective for failing to call a DNA expert to testify. At trial, counsel attempted to introduce an FDLE report indicating that amylase found on underwear allegedly belonging to one of the victims,

C.D., excluded the appellant as a contributor.* That request was denied. The appellant alleges that counsel should have called an expert to testify to the report's conclusion, that he was excluded as the contributor to amylase found on C.D.'s underwear. He alleges that this would prove he did not commit any of the crimes.

The appellant's claim was properly denied. Even if an expert had been called to testify that the amylase found on C.D.'s underwear did not belong to the appellant, there is not a reasonable probability that the outcome of the trial would have been different. Here, the DNA evidence only related to the clothing of one of the victims. Thus, it would have no bearing on two of his three convictions.

As to the count involving C.D., the State never argued that DNA evidence proved its case. The record reflects that the state presented evidence from witnesses that the appellant penetrated the victim with his finger, had intercourse with the victim, and that the victim performed oral sex on him. There was also testimony that C.D. and another victim performed oral sex on each other, and that one or more unidentified people had sexual contact with C.D. Neither the presence of an unidentified party's DNA, nor the absence of the appellant's saliva on C.D.'s underwear, would prove that the appellant did not engage in the alleged sex acts. As such, the appellant cannot show that had counsel called an expert to testify that someone else's saliva was found on C.D.'s underwear, there is a reasonable likelihood that the outcome of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (holding that to show ineffective assistance of counsel, a defendant must demonstrate that there is a reasonable probability that the outcome of the trial would have been different had counsel not acted deficiently).

---

* It appears from the trial court's attachments that no semen was found on the underwear. The DNA evidence the appellant refers to in his motion appears to be amylase, which is an enzyme found in saliva and other bodily fluids.

AFFIRMED.

B.L. THOMAS, C.J., and JAY and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Ramon Wade Renfro, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.